# Exhibit 5

Claim No: [Not assigned]

## THE DUBAI INTERNATIONAL FINANCIAL CENTRE COURTS

IN THE COURT OF FIRST INSTANCE

BEFORE JUSTICE SIR JEREMY COOKE

BETWEEN

**SKAT**
(The Danish Customs and Tax Administration)

Claimant

and

**(1) ELYSIUM GLOBAL (DUBAI) LIMITED**

**(2) ELYSIUM PROPERTIES LIMITED**

Defendants

---

### SEARCH ORDER OF JUSTICE SIR JEREMY COOKE

---

Defendants:

**Elysium Global (Dubai) Limited**

**Elysium Properties Limited**

Unit OT 16 – 32, Level 16, Central Park Offices, DIFC, Dubai, PO Box 506699.

### PENAL NOTICE

IF YOU ELYSIUM GLOBAL (DUBAI) LIMITED DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND YOUR DIRECTORS MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED OR THE COMPANY MAY BE FINED OR HAVE ITS ASSETS SEIZED.

ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.

*Received by Land from SLR 28/6/18*

1

**THIS ORDER**

1. This is a Search Order made against Elysium Global (Dubai) Limited (the "First Respondent") on 27 June 2018 by Justice Sir Jeremy Cooke on the application of SKAT (the Danish Customs and Tax Administration) (the "Applicant"). The Judge read the Affidavits listed in Schedule F and accepted the undertakings set out in Schedules C, D and E at the end of this order.

2. This order was made at a hearing without notice to the First Respondent. The First Respondent has a right to apply to the Court to vary or discharge the order — see paragraph 25 below.

3. There will be a further hearing in respect of this order on 12 July 2018 (the "Return Date").

4. If there is more than one Respondent:

    (a) unless otherwise stated, references in this order to the "Respondent" mean both or all of them; and

    (b) this order is effective against any Respondent on whom it is served or who is given notice of it.

5. This order must be complied with by:

    (a) The First Respondent;

    (b) any director, officer, partner or responsible employee of the First Respondent; and

    (c) any other person having responsible control of the premises to be searched.

**THE SEARCH**

6. The First Respondent must permit the following persons:

    (a) Mr Philip Punwar, partner at Baker Botts LLP (the "Supervising Legal Representative");

    (b) Mr Mark Raymont, a legal representative in the firm of Pinsent Masons LLP, the Applicant's legal representatives;

    (c) Mr Darren Mullins of Deloitte Professional Services (DIFC) Limited, an IT Specialist, together with up to 3 further IT Specialists from Deloitte Professional Services (DIFC) Limited; and



2

    (d)    up to 2 other persons, being legal representatives in the firm of Pinsent Masons LLP, accompanying them,

(together the "search party"), to enter the premises mentioned in Schedule A to this order and any other premises of the First Respondent identified under paragraph 18 below and any vehicles under the First Respondent's control on or around the premises (the "premises") so that they can search for, inspect, photograph, photocopy, take digital copies of and deliver into the safekeeping of the Applicant's legal representatives all the documents and articles which are listed in Schedule B to this order (the "listed items").

7. Having permitted the search party to enter the premises, the First Respondent must allow the search party to remain on the premises until the search is complete. In the event that it becomes necessary for any of those persons to leave the premises before the search is complete, the First Respondent must allow them to re-enter the premises immediately upon their seeking re-entry on the same or the following day in order to complete the search.

**RESTRICTIONS ON SEARCH**

8. This order does not affect, and is made without prejudice to, any action by the law enforcement agencies of Dubai.

9. Before the First Respondent allows anybody onto the premises to carry out this order, it is entitled to have the Supervising Legal Representative explain to it what the order means in everyday language.

10. The First Respondent is entitled to seek legal advice and to ask the Court to vary or discharge this order. Whilst doing so, they may ask the Supervising Legal Representative to delay starting the search for up to 2 hours or such other longer period as the Supervising Legal Representative may permit. However, the First Respondent must:

    (a)    comply with the terms of paragraph 20 below;

    (b)    not disturb or remove any listed items; and

    (c)    permit the Supervising Legal Representative to enter, but not start to search.

11. Before permitting entry to the premises by any person other than the Supervising Legal Representative, the First Respondent may, for a short time (not to exceed two hours, unless the Supervising Legal Representative agrees to a longer period) gather together any documents it believes may be privileged; and hand them to the Supervising Legal



Representative for him to assess whether they are privileged as claimed. If the Supervising Legal Representative decides that of any of the documents may be privileged or is in any doubt as to their status, he will exclude them from the search and retain them in his possession pending further Order of the Court.

12. If the First Respondent wishes to take legal advice and gather documents as permitted, it must first inform the Supervising Legal Representative and keep him informed of the steps being taken.

13. No item may be removed from the premises until a list of the items to be removed has been prepared, and a copy of the list has been supplied to the First Respondent, and they have been given a reasonable opportunity to check the list.

14. The premises must not be searched, and items must not be removed from them, except in the presence of the First Respondent.

15. If the Supervising Legal Representative is satisfied that full compliance with paragraphs 13 or 14 is not practicable, he may permit the search to proceed and items to be removed without fully complying with them.

## DELIVERY UP OF ARTICLES/DOCUMENTS

16. The First Respondent must immediately hand over to the Applicant's legal representatives any of the listed items, which are in their possession or under their control, save for any computer or hard disk integral to any computer. Any items the subject of a dispute as to whether they are listed items must immediately be handed over to the Supervising Legal Representative for safe keeping pending resolution of the dispute or further order of the Court.

17. The First Respondent must immediately give the search party effective access to the computers on the premises, with all necessary passwords, to enable the computers to be searched. If they contain any listed items the First Respondent must cause the listed items to be displayed so that they can be read and copied. The First Respondent must provide the Applicant's legal representatives with copies of all listed items contained in the computers. All reasonable steps shall be taken by the Applicant and the Applicant's legal representatives to ensure that no damage is done to any computer or data. The Applicant and his representatives may not themselves search the First Respondent's computers unless they have sufficient expertise to do so without damaging the First Respondent's system.



4

## PROVISION OF INFORMATION

18. The First Respondent must immediately inform the Applicant's legal representatives (in the presence of the Supervising Legal Representative) so far as they are aware:

    (a) where all the listed items are;

    (b) the name and address of everyone who has supplied him, or offered to supply him, with listed items;

    (c) the name and address of everyone to whom he has supplied, or offered to supply, listed items; and

    (d) full details of the dates and quantities of every such supply and offer.

19. As soon as reasonably possible and in any event within 7 days after being served with this order the First Respondent must cause to be sworn and served an affidavit setting out the above information.

## PROHIBITED ACTS

20. Until 4.30 p.m. on the Return Date the First Respondent must not destroy, tamper with, cancel or part with possession, power, custody or control of the listed items otherwise than in accordance with the terms of this order.

## COSTS

21. The costs of this application are reserved to the Judge hearing the application on the Return Date.

## SEALING THE COURT FILE

22. The court file in respect of this matter shall be sealed and no information capable of identifying this matter shall be published or otherwise made publically available until further order of the Court.

## RESTRICTIONS ON SERVICE

23. This order may only be served between 9.30am and 4.00pm and on a weekday.



5



24. This order must be served by the Supervising Legal Representative, and paragraph 6 of the order must be carried out in his presence and under his supervision.

## VARIATION AND DISCHARGE OF THIS ORDER

25. Anyone served with or notified of this order may apply to the Court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicant's legal representatives. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicant's legal representatives in advance.

## INTERPRETATION OF THIS ORDER

26. Any requirement that something shall be done to or in the presence of the Respondent means:

    (1) if there is more than one Respondent, to or in the presence of any one of them; and

    (2) if a Respondent is not an individual, to or in the presence of a director, officer, partner or responsible employee.

27. A Respondent which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

## COMMUNICATIONS WITH THE COURT

28. All communications to the Court about this order should be sent to:

    Ground Floor, Building 4, Gate District, UAE

    Telephone: + 971 4 427 3333

    Fax: +971 4 427 3330

    Email: registry@difccourts.ae

    The offices are open between 10am to 5pm, Sunday to Thursday (excluding Public Holidays).

Issued by:
**Ayesha Bin Kalban**
Assistant Registrar
Date of issue: 27 June 2018
At: 5pm



## SCHEDULE A

### THE PREMISES

Unit OT 16 – 32, Level 16, Central Park Offices, DIFC, Dubai, UAE



CN012_130_001-00000055

**SCHEDULE B**

THE LISTED ITEMS

Personal computers belonging to or used by the First Respondent.

Laptops belonging to or used by the First Respondent.

Electronic storage devices belonging to or used by the First Respondent

Mobile telephones or other mobile electronic devices (including iPads) belonging to or used by the First Respondent.

Voicemail and other audio recording devices.

Any bank statements, whether relating to bank accounts in the First Respondent's name or otherwise.

Any document containing information about any property or other assets owned (or partially owned) by First Respondent.

Any document containing information about any transaction entered into by or on behalf of the First Respondent.

Email accounts accessible from the Premises and used by the First Respondent, its officers or employees.




8

## SCHEDULE C

### UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANT

1. If the Court later finds that this order or carrying it out has caused loss to the First Respondent, and decides that the First Respondent should be compensated for that loss, the Applicant will comply with any order the Court may make. Further if the carrying out of this order has been in breach of the terms of this order or otherwise in a manner inconsistent with the Applicant's legal representatives' duties as officers of the Court, the Applicant will comply with any order for damages the Court may make.

2. The Applicant will not, without the permission of the Court, use any information or documents obtained as a result of carrying out this order nor inform anyone else of these proceedings except for the purposes of these proceedings (including adding further Respondents) or commencing or pursuing civil proceedings in relation to the same or related subject matter to these proceedings in the Dubai and English Courts until after the Return Date.

3. As soon as reasonably practicable, the Applicant will issue and serve an application for continuation of the order.




9

**SCHEDULE D**

UNDERTAKINGS GIVEN BY THE APPLICANT'S LEGAL REPRESENTATIVES

1. The Applicant's legal representatives will provide to the Supervising Legal Representative for service on the First Respondent:

    (a) a service copy of this order;

    (b) the claim form (with defendant's response pack) or, if not issued, the draft produced to the Court;

    (c) (if available) an application for a hearing on the Return Date;

    (d) copies of the affidavits and exhibits capable of being copied containing the evidence relied upon by the Applicant;

    (e) a note of any allegation of fact made orally to the Court where such allegation is not contained in the affidavits or draft affidavits read by the Judge; and

    (f) a copy of the skeleton argument produced to the Court by the Applicant's legal representatives.

2. The Applicants' legal representatives will answer at once to the best of their ability any question whether a particular item is a listed item.

3. Subject as provided below the Applicant's legal representatives will retain in their own safe keeping all items obtained as a result of this order until the Court directs otherwise.

4. The Applicant's legal representatives will return the originals of all documents obtained as a result of this order (except original documents which belong to the Applicant) as soon as possible and in any event within two working days of their removal.





## SCHEDULE E

### UNDERTAKINGS GIVEN BY THE SUPERVISING LEGAL REPRESENTATIVE

1. The Supervising Legal Representative will use his best endeavours to serve this order upon the First Respondent and at the same time to serve upon the First Respondent the other documents required to be served and referred to in paragraph 1 of Schedule D.

2. The Supervising Legal Representative will offer to explain to the person served with the order its meaning and effect fairly and in everyday language, and to inform him of his right to take legal advice (including an explanation that the First Respondent may be entitled to avail himself of the privilege against self-incrimination and legal professional privilege) and to apply to vary or discharge this order as mentioned in paragraph 25 above.

3. The Supervising Legal Representative will retain in the safe keeping of his firm all items retained by him as a result of this order until the Court directs otherwise.

4. Unless and until the Court otherwise orders, or unless otherwise necessary to comply with any duty to the Court pursuant to this order, the Supervising Legal Representative shall not reveal to any person any information relating to those items, and shall keep the existence of such items confidential.

5. The Supervising Legal Representative will make and provide to the Applicant's legal representatives, the Respondent or his legal representatives and to the Judge who made this order (for the purposes of the Court file) a written report on the carrying out of the order, within 1 business day after the completion of the search.




## SCHEDULE F

## AFFIDAVITS

The Applicant relied on the following affidavits:

| [name] | [number of affidavit] | [date sworn] | [filed on behalf of]: |
|---|---|---|---|
| Mr Jonathan Fortnam | 1 | 25 June 2018 | Claimant |



